UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ISLAND OASIS FROZEN COCKTAIL CO., INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NUCO USA LLC,<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br>On Removal from the Superior Court of the Commonwealth of Massachusetts (Norfolk) |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ON NOTICE TO:

    Lawrence G. Green, Esq.
    Burns & Levinson, LLP
    125 Summer Street
    Boston, Massachusetts 02110

    Civil Clerk
    Norfolk Superior Court Department of the Trial Court
    650 High Street
    Dedham, Massachusetts 02026

PLEASE TAKE NOTICE that Defendant, NUCO USA LLC ("NUCO"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. §§ 1332(a)(1), 1331 and 1338, hereby removes the above-captioned matter from the Norfolk Superior Court in the Commonwealth of Massachusetts, Civil Action No. 10-02208 (the "Action") to the United States District Court for the District of Massachusetts. As grounds for and in support of the removal, NUCO avers as follows:

## Procedural Background

1. On December 15, 2010, Plaintiff, Island Oasis Frozen Cocktail Co., Inc. ("Island Oasis") commenced the Action by filing a Complaint in the Norfolk Superior Court Department of the Trial Court. Through the Action, Island Oasis seeks a declaration from the Court that it has no liability to NUCO for any claim that has been threatened or could otherwise be asserted by NUCO arising out of the parties' agreements to develop a turnkey smoothie bar concept.

2. On December 15, 2010, Island Oasis purported to serve upon NUCO a copy of the Summons, Civil Action Cover Sheet and Complaint in the Action by certified mail, return receipt requested. NUCO received these items on December 28, 2010. A true and accurate copy of the Summons, Civil Action Cover Sheet and Complaint are filed with this Notice pursuant to 28 U.S.C. § 1446(a) and are attached hereto as Exhibits A through C, respectively.

3. This Notice of Removal is filed within 30-days after receipt by NUCO of a copy of the initial pleadings in the Action and is, therefore, timely under 28 U.S.C. § 1446(b).

4. Venue is appropriate in the Eastern Division of the United States District Court for the District of Massachusetts under 28 U.S.C. § 1441(a), which provides that removal shall be to the "district and division embracing the place where such action is pending." The underlying action is pending in Norfolk Superior Court, and Norfolk County is embraced by the Eastern Division of the District of Massachusetts.

5. Notice of Removal of the Action is being filed contemporaneously herewith in the Norfolk Superior Court. A copy of the Notice of Removal is attached hereto as Exhibit D.

## Removal is Proper because this Court has Original Jurisdiction over Island Oasis' Claims Pursuant to 28 U.S.C. § 1332(a)(1)

6. 28 U.S.C § 1332 (a)(1) grants to the United States district courts "original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between – citizens of different States." Removal is appropriate in this instance because the Court has original jurisdiction founded on diversity.

    A.    <u>**The parties are citizens of different states.**</u>

7.    Island Oasis is a corporation duly authorized under the laws of the Commonwealth of Massachusetts also having a principal place of business in Walpole, Massachusetts. Complaint, ¶ 2. A corporation is deemed a citizen of the state of incorporation and of the state where it has its principal place of business. <u>Chin v. Holiday Cruises II, Inc., General Partner of Spirit IV Associates, a Limited Partnership D/B/A Spirit of Boston</u>, 141 F.R.D. 367 (D. Mass. 1992). Accordingly, Island Oasis is deemed a citizen of the Commonwealth of Massachusetts for jurisdiction purposes.

8.    A limited liability company is a citizen of the state or states of which its members are citizens. <u>JMTR Enterprises, LLC v. Duchin</u>, 42 F. Supp. 2d 87, 93 (D. Mass. 1999). NUCO a limited liability company organized under the laws of the State of California, which has two members, one of which is a citizen of California, the other of which is a citizen of North Carolina. Accordingly, NUCO is deemed a citizen of both California and North Carolina for jurisdiction purposes. The parties are thus citizens of different States.

    B.    <u>**The matter in controversy exceeds the sum or value of $75,000.**</u>

9.    There is a reasonable probability that the amount in controversy in this case exceeds $75,000.00. <u>See</u> <u>Youtsey v. Avibank Manufacturing, Inc.</u>, 2010 U.S. Dist. LEXIS 90948, * 5 (D. Mass. Sept. 2, 2010). In an action for declaratory judgment, "the amount in controversy is measured by the value of the object of the litigation". <u>Dept. of Recreation and Sports of Puerto Rico, et al. v. World Boxing Association, et al.</u>, 942 F.2d 84, 88 (First Cir. 1991) <u>quoting</u> <u>Hunt v. Washington State Apple Advertising Comm'n</u>, 432 U.S. 333, 347-48 (1977). In the First Circuit, the value of the object of the litigation includes the judgment's

3

pecuniary consequences to those involved in the litigation. Richard C. Young & Co., Ltd. v. Morris Leventhal, D.D.S., M.S., et al., 389 F.3d 1, 3 (1st Cir. 2004).

10. NUCO had been a customer of Island Oasis since approximately 1997, purchasing juice mix and equipment in connection with a smoothie bar franchise known as Nutrition Connection. Prior to the parties dealings, NUCO maintained approximately 22 franchises, largely in health clubs and on military bases, to who it charged franchise fees. Each franchisee paid NUCO a start-up and an additional monthly franchise fee. Island Oasis also provided Nutrition Connection franchises a 15% discount on each fruit mix case ordered.

11. In 2004/2005, Island Oasis approached NUCO about the possibility of jointly developing a turnkey smoothie bar concept. Thereafter, the parties entered into certain oral and written agreements which lead to the creation of the "Power Blendz" franchise, a complete turnkey juice bar and supplement shake concept aimed at the fitness industry. Island Oasis supplied the fruit mix and equipment, and NUCO supplied the protein supplements, marketing, sales, training and strategy.

12. Island Oasis agreed to compensate NUCO for its development and sales efforts depending on the success of the business. The parties entered into a Joint Venture Agreement in 2006 for the purpose of memorializing NUCO's ownership interest in Power Blendz and evaluating the Franchise concept. The parties agreed that this Joint Venture Agreement would be temporary, and that a more fulsome agreement would memorialize the parties' respective financial promises to one another. Island Oasis further agreed to charge a monthly operational fee to Power Blendz franchisees and to provide NUCO with 15% of the Island Oasis fruit mix case price for each case ultimately sold.

13. Originally geared toward the fitness industry, the Power Blendz franchise grew to maintain locations across the United States in gyms, universities, nutritional stores, tanning

4

salons, gas stations, cafés and aboard the Royal Caribbean cruise ships. Indeed, there exist over 300 Power Blendz turnkey franchises and more than 1000 additional customers are using some portion of the Power Blendz system.

14. Island Oasis, however, ultimately refused to sign a more comprehensive agreement and terminated the parties' joint venture in October 2009. Instead, Island Oasis formed a new franchise system called Simply Pure with a former Nutrition Connection franchisee. Through Simply Pure, Island Oasis has begun marketing a directly competitive concept to Power Blendz' customers and new franchisees.

15. Island Oasis has never compensated NUCO for its time and efforts in connection with the creation and original sales and marketing of Power Blendz. It also refused to charge a start-up or franchise fee to Power Blendz' franchisees and further informed Nutrition Connection franchisees that they too were under no obligation to pay existing monthly fees to NUCO. Nor did Island Oasis compensate NUCO with 15% of the Island Oasis fruit mix case price for each case ultimately sold. NUCO has asserted claims against Island Oasis in the magnitude of several million dollars arising out of the conduct described herein, which claims potentially include fraud and misrepresentation, breach of contract, breach of fiduciary duty unfair competition, trade dress and unjust enrichment, among others. Some of those claims are set forth in correspondence, which preceded the filing of declaratory judgment proceedings by the Plaintiff, which is attached hereto as Exhibit E.

16. Through the Action, Island Oasis seeks a declaration that "it has no liability whatsoever to NUCO for *any* claim that has been threatened or could otherwise be asserted by NUCO." Complaint, ¶ 26 (emphasis added). The value of the object of the litigation thus includes pecuniary consequences to the parties well in excess of $75,000.00.

17. Accordingly, because both parties are citizens of different States and the matter in controversy exceeds the sum or value of $75,000, removal is appropriate to the United States District Court because it otherwise would have original jurisdiction of this case under 28 U.S.C § 1332 (a)(1). See 28 U.S.C. §1441(a).

### Removal is also Proper because this Court has Original Jurisdiction over Island Oasis' Claims Pursuant to 28 U.S.C. §§ 1331 and 1338

18. In the alternative, removal of this action is similarly appropriate pursuant to 28 U.S.C. §§ 1331 and 1338.

19. Included among the claims as to which Island Oasis seeks a declaration that it has no liability to NUCO are "alleged trademark violations and alleged unfair competition practices." Complaint, ¶ 22. On the face of its Complaint, then, Island Oasis has stated claims arising under the Lanham Act. These claims construe federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), which confer original jurisdiction to the district courts of claims relating to trademarks, and claims of unfair competition when joined with a substantial and related claim under the trademark laws.

FOR THE REASONS STATED HEREIN, Defendant, NUCO USA LLC hereby removes the above-captioned matter from the Norfolk Superior Court in the Commonwealth of Massachusetts, Civil Action No. 10-02208 to the United States District Court for the District of Massachusetts and respectfully requests that this Court exercise jurisdiction over this matter.

NUCO USA LLC

Respectfully submitted,
By its attorneys


/s/ Richard J Rosensweig
Richard J. Rosensweig (BBO# 639547)
Elizabeth K. Levine (BBO# 658532)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-4112
rrosensweig@goulstonstorrs.com
elevine@goulstonstorrs.com

Dated: January 20, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2011, I caused the foregoing document to be served upon counsel of record by hand delivery at the following address:

>    Lawrence G. Green
>    Burns & Levinson LLP
>    125 Summer Street
>    Boston MA 02110

>                               /s/Elizabeth K. Levine
>                               Elizabeth K. Levine